UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CUENCA,<br><br>    Plaintiff,<br><br>v.<br><br>QUEST SERVICE GROUP, LLC,<br><br>    Defendant. | No. 2:24-cv-03404-SCR<br><br><u>MEMORANDUM OPINION AND ORDER</u> |

The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. ECF No. 15. Before the Court is Plaintiff's motion to remand this action to state court. ECF No. 7. Opposition and Reply briefs have been filed (ECF Nos. 8, 11) and the Court heard oral argument on the motion on January 30, 2025. For the reasons set forth herein, the Court lacks subject matter jurisdiction and remands the action to state court.

**I.      Background and Procedural History**

Plaintiff Nicholas Cuenca filed this putative class-action in the Sutter County Superior Court on June 14, 2024. ECF No. 1-2. The complaint brings wage and hour claims under the California Labor Code. *Id.* at 6. Because all the claims asserted arise under state law, Defendants removed this action on the basis of diversity of citizenship jurisdiction. ECF No. 1 at 1-2.

Defendant contends its counsel was served on October 17, 2024, but that counsel did not

1

sign the service acknowledgement until November 5, 2024, and removed the action on December 5, 2024. ECF No. 1 at ¶ 15. Defendant then filed an amended notice of removal six days later on December 11, 2024. ECF No. 3. On December 18, 2024, Plaintiff filed a timely motion to remand. ECF No. 7. Per Local Rule 230, any opposition was due within 14 days, or in this case by January 2, 2025. No timely opposition was filed. Pursuant to Local Rule 230(c), failure to file a timely opposition may be construed as non-opposition to the motion. On January 9, 2025, Defendant filed an untimely opposition, which requests therein that the untimeliness be excused.[1] Plaintiff then filed a reply.

## II.     Analysis

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations marks omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Here the asserted basis for removal is diversity jurisdiction under 28 U.S.C. § 1332. The parties in their briefing on the motion to remand do not dispute that there is diversity of citizenship, but they disagree on whether the amount in controversy is met. The Court notes however that the FAC pleads that Plaintiff is a resident of California, and that Defendant is an LLC "organized and existing under the laws of New York and also a citizen of California based on Plaintiff's information and belief." FAC at ¶¶ 3-4. For the purposes of diversity jurisdiction, "a limited liability corporation is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

---

[1] The Court will allow the untimely filing and consider the opposition on the merits.

Defendant asserts in the Notice of Removal that it is a New York corporation with its principal place of business in New York. ECF No. 1 at ¶ 13; ECF No. 3 at ¶ 13. Defendant appears to be using the test for corporate citizenship, not LLC citizenship. On January 28, 2025, the Court issued a minute order instructing Defendant to be prepared to address the citizenship of the members of the LLC at the hearing[2]. ECF No. 17. At the hearing, defense counsel stated the LLC was comprised of three members and that each was a citizen of New York. Based on this representation, there would be complete diversity among the parties. As the amount in controversy is the focus of the parties' arguments, and the Court finds that issue dispositive, the Court will focus the remainder of its discussion on the amount in controversy.

### A. The Notice of Removal

The Notice states that removal of the action is based on diversity of citizenship jurisdiction, in which case the amount in controversy must exceed $75,000. The Notice acknowledges that the complaint does not plead an amount exceeding $75,000. ECF No. 1 at ¶ 7 ("The State Court Complaint does not state a specific amount in controversy."). Defendant acknowledges that when the complaint does not plead a particular amount, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant states "it is foreseeable that Plaintiff will argue that the amount in controversy exceeds the sum or value of $75,000." ECF No. 1 at ¶ 8. Defendant then discusses various categories of damages that Plaintiff could recover.

### B. Motion to Remand

Plaintiff's motion contends that his individual damages claim will "rise no higher than $51,546.02." ECF No. 7-1 at 12.[3] Plaintiff provides an itemization of that potential recovery, including restitution, statutory penalties, and attorney's fees and costs. ECF No. 7-1 at 17-18.

---

[2] A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).

[3] Page references herein are to the number on the Court's CM/ECF generated header.

1  Plaintiff's motion is also supported by the declaration of counsel, David Spivak. ECF No. 7-2.
2  Attached to the declaration are three exhibits: Plaintiff's First Amended Complaint (FAC), a
3  spreadsheet counsel created to calculate potential damages, and a copy of Plaintiff's final
4  biweekly pay stub. ECF No. 7-2 at 3-4. The FAC states that it was electronically filed in the
5  Superior Court on July 30, 2024, and thus the FAC should have been filed with the Notice of
6  Removal.[4] *See* 28 U.S.C. § 1446(a) ("a notice of removal . . . containing a short and plain
7  statement of the grounds for removal, together with a copy of all process, pleadings, and orders . .
8  .").[5]

9  The FAC, as with the original complaint, asserts state law wage and hour claims. The
10 FAC does not set forth a specific amount in controversy. Plaintiff's Exhibit 2 is marked as a
11 "confidential settlement communication" and consists of nine pages of damages calculations
12 resulting in a total of $51,546. ECF No. 7-2 at 56-64.

### C. Defendant's Opposition to the Motion to Remand

14 Defendant's opposition contends that the motion is "factually and legally baseless." ECF
15 No. 8 at 2. Defendant contends that Plaintiff has "intentionally lowered the potential value of the
16 individual damages" he may be awarded. *Id.* Defendant's brief is primarily devoted to
17 recalculating the potential damages, and including additional fees such as a $15,000 to $20,000
18 class representative fee, and including far more overtime hours than Plaintiff now claims to be
19 seeking. ECF No. 8 at 8.

20 Defendant submits two declarations in support of the opposition. However, those
21 declarations are largely devoted to explaining a calendaring error rather than to supporting the
22 damages calculation. The declaration of Ms. Thompson does state that in other litigation
23 involving Mr. Spivak, Plaintiff's counsel in the instant case, the plaintiff therein was awarded a
24 $20,000 fee for serving as class representative. ECF No. 8-1 at 2.

---

[4] Defendant's amended notice of removal includes a copy of the original complaint, but not the FAC. *See* ECF No. 3-1.

[5] The Ninth Circuit has stated that procedural, non-jurisdictional, defects in removal may be waived. *See Smith v. Mylan, Inc.*, 761 F.3d 1042 (9th Cir. 2014). As Plaintiff has not raised an argument concerning the timeliness of removal, or argued that portions of the state court record were omitted from the Notice of Removal, the Court does not reach those issues.

**D. Plaintiff's Reply**

Plaintiff's reply notes that it is undisputed that neither the complaint nor FAC plead that the amount in controversy exceeds $75,000. ECF No. 11 at 3. Plaintiff also requests that the Court disregard the opposition as untimely. *Id.* The Court will decline that request and has considered the opposition. Plaintiff contends that Defendant's arguments concerning damages are "speculative" and overtime calculations are unsupported by the allegations in the FAC. *Id.* at 5. Plaintiff argues that Defendant has failed to meet its burden of proof and has provided no evidence as to damages. ECF No. 11 at 8 ("Defendant has not submitted a single business record, spreadsheet, wage statement, business document, and any sampling or other analysis to support their estimated amount-in-controversy."). Plaintiff argues the court should not consider a class representative service award because such an award is discretionary and only owed if relief is afforded to a certified class by way of settlement approval or judgment at trial. *Id.* at 10. Here, the class has not been certified.

**E. Defendant has failed to meet the burden of proof**

A removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase*, 888 F.3d 413, 416 (9th Cir. 2018). Defendant has not offered probative summary-judgment-type evidence, but instead relies on the allegations in the complaint and calculations of potential damages therefrom. The two declarations attached to the Opposition, as discussed above, largely focus on why the Opposition was untimely filed. In contrast, Plaintiff, who does not bear the burden of proof as to this motion, submitted a declaration of counsel and a spreadsheet that calculates potential damages. Plaintiff's calculation is $51,546. ECF No. 7-2 at 56.

The parties do not appear to dispute that the relevant inquiry is Plaintiff's individual claims, and not consideration of the putative class. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118 (9th Cir. 2013) ("Because we determine that the recoveries at issue cannot be

aggregated to meet the amount in controversy requirement, we vacate the district court order and remand with instructions to return the dispute to the California courts for resolution."). *Urbino* was a Private Attorneys General Act (PAGA) action bringing wage and hour claims. The *Urbino* court stated that the "traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement," and then applied that rule to the PAGA action. *Id*. at 1122. The Ninth Circuit referred to the action as the "quintessential California dispute" and ordered it returned to state court. *Id.* at 1123.

Defendant's calculation rests largely on an assumption that Plaintiff worked 20 hours of overtime per week. ECF No. 8 at 5, 8. However, Plaintiff asserts that he worked on average 2.9 hours of unpaid overtime each week. ECF No. 7-1 at 12. Defendant appears to base its calculation on Paragraph 23 of the FAC which does state that "at all relevant times" Cuenca and other class members worked over 12 hours in a day. Plaintiff's reply contends he is not asserting that he worked in excess of 8 and 12 hours "every day." ECF No. 11 at 5. Plaintiff further suggests that on some occasions he may have been properly compensated. *Id.* at 6. Defendant cannot base its calculations on speculation or assumption concerning the amount of time worked. *See Steenhuyse v. UBS Financial Servs.*, 317 F.Supp.3d 1062, 1071 (N.D. Cal. 2018) ("The allegations of the complaint do not, standing alone, justify an assumption that plaintiff incurred overtime every week, or in any particular amount."). The *Steenhuyse* court explained that "[a]lthough some courts have permitted defendants to assume certain variables in calculating the amount in controversy, more well-reasoned decisions find that those cases improperly shift the burden to plaintiff to refute speculative assertions of jurisdiction and establish that there is no jurisdiction despite it being defendant's burden to establish jurisdiction, and contrary to the strong presumption against removal jurisdiction." *Id.* at 1071 (internal quotation and citation omitted).

Plaintiff represents that the average overtime he worked was 2.9 hours per week. The general rule is that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co.*

*v. Knowles*, 568 U.S. 588, 595 (2013).  In a PAGA putative class-action, the individual Plaintiff can stipulate on his own behalf not to seek any amount exceeding $75,000 for himself and that attorney's fees attributable to his claim will not cause the amount in controversy to exceed $75,000.  *See Patel v. Nike Retail Servs., Inc.*, 58 F.Supp.3d 1032, 1038-39 (N.D. Cal. 2014).  That stipulation would be conclusive.  *Id.* at 1039 ("A legally binding commitment by Plaintiff not to recover [more than $75,000] is the best possible evidence on that question.").  Conversely, "a refusal to stipulate to receive less than $75,000 certainly does not conclusively establish that the amount in controversy is met." *Id.*

At oral argument, Plaintiff's counsel stated that he was willing to stipulate as to the individual damages claim of Cuenca.  After the hearing, Plaintiff filed that stipulation.  ECF No. 19.  It is therefore established that Plaintiff's individual damages claim does not meet the amount in controversy requirement for diversity jurisdiction.  See *Patel*, 58 F.Supp.3d at 1039 (stipulation could conclusively establish amount in controversy is not met).  Accordingly, the motion to remand must be granted.

### III.   Conclusion

Defendant has not met its burden of establishing that the amount in controversy is met.  Diversity of citizenship jurisdiction is not established.  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions*, 599 F.3d at 1107.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).  Remand of this case to the Sutter County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic*

*Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly, **IT IS HEREBY ORDERED**:

1. That this action be remanded forthwith to the Sutter County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. The Clerk of this Court shall send a copy of this order to the clerk of the Sutter County Superior Court and the State court may thereupon proceed with the case; and
3. The Clerk of this Court shall close this file.

Dated: February 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE